HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERMI, LLC,

    Plaintiff,

v.

INTERNATIONAL REHABILITATIVE SERVICES, INC., d/b/a RS MEDICAL,

    Defendant.

CASE NO. 3:19-cv-05246-RBL

ORDER ON DEFENDANT'S MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT AND MOTION TO STAY PROCEEDINGS

## INTRODUCTION

THIS MATTER is before the Court on Defendant International Rehabilitative Services, Inc., d/b/a RS Medical's Motion to Dismiss or for Summary Judgment and Motion to Stay Proceedings. Dkt. #18. Plaintiff ERMI, LLC holds a United States Patent for a "Shoulder Extension Control Device" (the '289 Patent) and sued RS Medical for distributing an infringing "T-Rex Orbit for Shoulder Device." At the same time, it sued six other retailers and Orbit's manufacturer, OneDirect Health Network, in other jurisdictions. OneDirect then sued ERMI in the Northern District of Georgia, seeking a Declaratory Judgment of Non-Infringement and Invalidity of Patent.

ORDER ON DEFENDANT'S MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT AND MOTION TO STAY PROCEEDINGS - 1

RS Medical claims that it has no relationship to OneDirect and has never sold or distributed any of its products, including Orbit, and that it has instead been "caught in the crossfire of a litigation campaign launched by ERMI against its business competitors" to "sow fear, uncertainty and doubt into the marketplace." Dkt. #7 at p. 6. It moved to dismiss, arguing that ERMI's original complaint did not include facts sufficient to support the naked allegation that it was selling an infringing product. In response, ERMI filed an amended complaint with slightly more facts, dropping its claims of Indirect Patent Infringement and Willful Patent Infringement and mooting the Motion to Dismiss. It now asserts only a Direct Patent Infringement claim. Dkt. #15.

RS Medical argues that it is now entitled to summary judgment on the amended claim because it has never sold Orbit or any other OneDirect products, and that ERMI has not and cannot provide any evidence demonstrating otherwise. Dkt. #18. In the alternative, it asks the Court to defer ruling on its pending summary judgment motion to allow ERMI to conduct only limited, targeted discovery regarding its sale of Orbit and its relationship with OneDirect. Dkt. #18 at p. 8.

ERMI argues that summary judgment is premature, and that it needs time to complete "substantial" discovery into its allegations under Rule 56(d) in order to "effectively respond substantively" to the motion. Dkt. #17 at p. 3, 7-8. To date, its only evidence that RS Medical distributes Orbit is a declaration and photo from an ERMI sales manager. The photo shows an RS Medical district manager's business card stapled to an Orbit pamphlet, which the sales manager found in a medical center. Dkt. #15. The origin of this pamphlet and card is unknown.

**DISCUSSION**

**1.     Standard of Review**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must *view all evidence in the light most favorable to the nonmoving party* and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986) (emphasis added); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323-24.

There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 248. "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it

cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact." *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). A mere "scintilla of evidence" is also not enough; the nonmoving party must present "evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. It is not required, however, for the nonmoving party to "produce evidence in a form that would be admissible at trial in order to avoid summary judgment," only that it cannot rely on "the mere pleadings themselves." *Celotex Corp.*, 477 U.S. at 324.

Under Federal Rule of Civil Procedure 56(d), the Court can deny or defer a pending summary judgment motion "if the nonmoving party has not had an opportunity to make full discovery." *Celotex Corp.*, 477 U.S. at 326. This requires the party invoking Rule 56(d) to show "by affidavit or declaration" how "additional discovery would preclude summary judgment and why [it] cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." Fed. R. Civ. P. 56(d); *TMJ Inc. v. Nippon Tr. Bank*, 16 F. App'x 795, 797 (9th Cir. 2001) (quoting *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 523 (9th Cir. 1989)) (finding that sworn declaration from counsel identifying required facts and explaining the need for additional time satisfied 56(d) requirements). While a summary judgment motion may be filed "at any time" prior to thirty days after discovery closes, if "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56[(d)] motion fairly freely." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (citing *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001)) (citations omitted).

## 2. Analysis

RS Medical argues that it is entitled to summary judgment because it has never sold any OneDirect products, including Orbit, and that ERMI's request for substantial discovery should be denied because "it has no facts that can prevent summary judgment." Dkt. #8, 18 at p. 4. It also argues that ERMI has not met Rule 56(d) requirements of identifying specific facts to be gained in discovery, and why those facts would prevent summary judgment. Dkt #18 at p. 6. In the alternative, it seeks deferral of its summary judgment motion for 30 days to permit ERMI to conduct specific, targeted discovery into its involvement with Orbit and OneDirect. Dkt. #18.

ERMI's attorney has testified that ERMI requires "discovery into Defendant's claims in its declaration; Defendant's use, sale, distribution, and offer to sell and/or distribute the Accused Device; and Defendant's relationship with manufacturers of the Accused Device" before it can "effectively respond substantively" to RS Medical's motion. Dkt. #17 Ex. 1. However, it provides only a vague photograph linking RS Medical to Orbit in support of its bare infringement allegation, and it does not need "substantial" discovery to rebut RS Medical's denial of the core fact in its complaint. Dkt. #15 Ex. 7.

Since RS Medical's motion comes so early in the litigation, the Court will grant ERMI's request for discovery, but this discovery will be targeted and limited. ERMI will have 30 days to conduct a 2-hour 30(b)(6) deposition regarding RS Medical's relationship to Orbit and OneDirect, during which RS Medical's summary judgment motion will remain pending. ERMI will then have 15 days to file a response to the summary judgment motion and RS Medical will have 5 days from that filing to reply. RS Medical's Motion for Summary Judgment is RE-NOTED for September 13, 2019.

## CONCLUSION

Defendant RS Medical's Motion to Dismiss and Motion for Summary Judgment is DEFERRED for 30 days pending limited discovery in the form of a 2-hour 30(b)(6) deposition regarding RS Medical's involvement with Orbit and OneDirect. Dkt. #18. RS Medical's Motion to Stay Proceedings under the "consumer suit exception doctrine" will be addressed, if necessary, after the Court rules on the Motion for Summary Judgment.

IT IS SO ORDERED.

Dated this 22nd day of July, 2019.

Ronald B. Leighton
United States District Judge